lee, elmer edward v. state 



 NOS. 12-02-00210-CR


 12-02-00211-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LESLIE HODGES,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 PANOLA COUNTY, TEXAS

 

PER CURIAM


 This appeal is being dismissed for want of jurisdiction. On June 27, 2000, Appellant pleaded
guilty to burglary of a habitation and burglary of a building and was sentenced to three years of
deferred adjudication probation. On March 6, 2002, the trial court revoked Appellant's probation
and proceeded to an adjudication of guilt. On that same date, the trial court found Appellant guilty
of two counts of burglary and assessed punishment at imprisonment for five years. A judgment
adjudicating Appellant guilty and revoking her probation was signed on April 10, 2002. Thereafter,
on May 8, 2002, Appellant filed a motion for new trial. Rule 21.4(a) of the Texas Rules of Appellate
Procedure states that a motion for new trial in a criminal case must be filed "no later than 30 days
after the date when the trial court imposes or suspends sentence in open court." Therefore, pursuant
to Rule 21.4(a), Appellant's motion for new trial was due no later than April 5, 2002. Because
Appellant filed her motion for new trial on May 8, 2002, the motion was not timely filed.

 Appellant's notice of appeal was due on April 5, 2002. Tex. R. App. P. 26.2(a) (absent timely
motion for new trial, notice of appeal due within 30 days after day sentence is imposed or suspended
in open court, or after the day the trial court enters an appealable order). However, Appellant did
not file her notice of appeal until August 1, 2002. (1) Moreover, Appellant did not file a timely motion
for extension of time to file her notice of appeal as authorized by Tex. R. App. P. 26.3 (requiring
motion to extend time to file notice of appeal to be filed within 15 days after deadline for filing
notice of appeal).

 On August 20, 2002, this court notified Appellant pursuant to Rules 26.2 and 37.2 that the
information received in this appeal did not show the jurisdiction of this Court and gave Appellant
until August 30, 2002 to correct the defect. In response to our notice, Appellant filed a Motion for
Leave to File Late Notice of Appeal, which was untimely. Moreover, Appellant has failed to
demonstrate the jurisdiction of this Court. Because this Court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. See
Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998). 

 Appellant's motion for leave to file a late of appeal is overruled, and the appeal is dismissed
for want of jurisdiction. 

 Opinion delivered August 30, 2002.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.















(DO NOT PUBLISH)
1. Appellant has calculated all filing deadlines from April 10, 2002, which is the date the trial court signed its
order. Even assuming April 10 is the correct beginning date, and further assuming her motion for new trial was timely,
her notice of appeal would have been due on July 9, 2002.